IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PATRICK JAMES HOWARD, #1527296 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv913 |
| A. DAVIS, ET AL. | § | |

<u>MEMORANDUM OPINION AND
ORDER OF DISMISSAL</u>

Plaintiff Patrick James Howard, a prisoner previously confined at the Skyview Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The sole remaining defendant is Officer Andrew Davis. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The present Memorandum Opinion concerns Davis' motion for summary judgment limited to the defense of exhaustion of administrative remedies (docket entry #39) and Howard's response (docket entry #40).

<u>Facts of the Case</u>

The original complaint was filed on November 27, 2012. On February 7, 2013, the Court conducted an evidentiary hearing in accordance with *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985). Howard complained about an incident that occurred on May 12, 2012. Officers Davis and Thigpen were working in Howard's housing area. Davis opened the food slot to Howard's cell and offered him a food tray, but the food tray was incorrect because it included tomatoes. Howard is allergic to tomatoes. He accepted the tray, but he asked to see a supervisor. Davis responded by throwing the food tray on the floor in the hallway. Howard had his hand in the food slot opening at

1

the time. Officer Thigpen told Howard to take his hand out of the food slot and she would take care of the matter. In the mean time, Davis walked back towards Howard's cell. Instead of calling a supervisor, Davis attempted to slam the food slot door on Howard's arm. Howard replied, "That's a use of force. You have to call for the supervisor." Davis, however, grabbed his arm and pulled it upward until it popped. Thigpen responded by calling out Davis' name. Realizing what he had just done, Davis exclaimed, "Offender let me go or I'm going to gas you!" Davis then took out a can of OC gas, shook it up and sprayed Howard. Davis proceeded to call a supervisor and reported that Howard had assaulted him. Howard denied assaulting Davis; nonetheless, he received a disciplinary case for assaulting him.

Howard filed a Step 1 grievance about the use of force incident. He filed a second Step 1 grievance after he received the disciplinary case. He complained that Officer Brooks, a grievance officer, returned the second grievance as redundant. Howard testified that the first grievance concerned the use of force incident, while the second grievance concerned the disciplinary case. He complained that Brooks did not process his second Step 1 grievance. He also complained that he never received a response from the first Step 1 grievance in order to file a Step 2 grievance.

Regional Grievance Officer Karen Norman testified that grievance records reveal that Howard exhausted his administrative remedies about the disciplinary case in August 2012. In May 2012 he filed a Step 1 grievance about the use of force incident. He subsequently filed a second Step 1 grievance, which was returned as redundant. She noted that he was supposed to wait until after the disciplinary proceeding was actually concluded to file a Step 1 grievance about the disciplinary case.

Howard gave the Court permission to review his prison records. The records reveal that he filed a Step 1 grievance about the use of force incident in Grievance Number 2012160515. Assistant Warden Webb filed the following reply: "A copy of your grievance has been included with the UOF

2

report (MO-02513-05-12) for further review." The second Step 1 grievance was dated May 16, 2012, which was returned by Defendant Brooks as redundant to 2012160515 on May 17, 2012.

The records also included the disciplinary records filed as a result of the incident. Howard was charged with assaulting Officer Davis by grabbing his left arm in Case Number 20120251494. He received a copy of the charges on May 15, 2012. He was found guilty on the following day. Howard was subsequently permitted to file a grievance about the disciplinary case beyond the normal deadlines. Grievance records reveal that the disciplinary case was upheld at both the Step 1 and Step 2 levels.

On February 19, 2013, the Court issued an order permitting Howard to proceed with his excessive use of force claim against Davis. His remaining claims were dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## Defendant's Motion for Summary Judgment

On May 13, 2013, Davis filed a motion for summary judgment limited to the defense of exhaustion of administrative remedies (docket entry #39). In support of the motion, he attached copies of the applicable grievance records. The grievance records once again showed that Howard filed a Step 1 grievance about the use of force incident in Grievance Number 2012160515. Assistant Warden Webb responded to the grievance. There is no record that Howard filed a Step 2 grievance regarding the use of force incident. On the other hand, he filed Step 1 and Step 2 grievances complaining about the disciplinary case in Grievance Number 2012208386.

Davis correctly noted that inmates are required to exhaust their administrative remedies by 42 U.S.C. § 1997e. He noted that the Texas prison system has a two-step formal grievance process. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Inmates must complete both steps to properly exhaust their claims. *Id.* Inmates are limited to pursuing a single issue per grievance. *Randle v. Woods*, 299 Fed. Appx. 466, 467 (5th Cir. 2008). He asserted that the competent summary judgment

3

evidence reveals that Howard filed only a Step 1 grievance about the excessive use of force claim. Howard properly exhausted his disciplinary claim, but he did not exhaust his excessive use of force claim. Davis argued that the excessive use of force claim should be dismissed for failure to exhaust administrative remedies.

Plaintiff's Response

Howard filed a response (docket entry #40) on May 24, 2013. In support of his response, he attached a copy of an inter-office communication, a use of force report, inpatient nursing progress note and grievance records. He stated that he made several attempts to file Step 2 grievances, although he did not submit competent summary judgment evidence supporting his statement. He alleged that the unit "swep[t] it under the rug once the plaintiff was no longer on the unit." The remainder of his response addressed the merits of his claim, as opposed to the issue of exhaustion. He also included a request for appointment of counsel.

Discussion and Analysis

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party for summary judgment has the burden of proving the lack of a genuine dispute as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48.

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual disputes in his favor. *Anderson*, 477 U.S. at 257. The non-movant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Court subsequently held that exhaustion is mandatory and that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and

5

procedural rules. *Id.* at 90-91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). It was noted that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. In light of *Jones v. Bock*, the Fifth Circuit provided guidance concerning how the exhaustion question should be handled in *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010). The following procedures were outlined:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Id.* at 272-73.

The Texas Department of Criminal Justice provides a two-step procedure for processing grievances and provides inmates with detailed instructions on how to file grievances. *Johnson v. Johnson*, 385 F.3d at 515-16. An inmate must complete both a Step 1 and Step 2 grievance in order to properly exhaust his administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Most recently, the Fifth Circuit upheld the grant of summary judgment where the competent summary judgment evidence revealed that grievances tendered by a Texas prison inmate were returned as unprocessed because he did not follow prison guidelines for filing grievances and thus had not

6

exhausted his administrative remedies. *Stout v. North-Williams*, 476 Fed. Appx. 763, 765 (5th Cir. 2012).

The competent summary judgment evidence submitted in this case reveals that two claims arose out of the incident that occurred on May 12, 2012. Howard complained that he was the victim of excessive use of force. He also complained about the disciplinary case he received for assaulting Davis. The competent summary judgment evidence reveals that he knew how to exhaust his administrative remedies and did so with respect to the disciplinary case. He did not, however, exhaust his administrative remedies with respect to his excessive use of force claim. He filed two Step 1 grievances, but he did not file a Step 2 grievance. Davis thus correctly argued that he is entitled to summary judgment based on the defense of exhaustion of administrative remedies with respect to the excessive use of force claim. It is accordingly

**ORDERED** that Davis' motion for summary judgment limited to the defense of exhaustion of administrative remedies (docket entry #39) is **GRANTED**. It is further

**ORDERED** that the complaint is **DISMISSED** with prejudice. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **30** day of **May, 2013.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE